UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DARRELL JONIC GASH | CASE NO.  6:24-CV-00367 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRENTT GASPARD, ET AL | MAGISTRATE JUDGE WHITEHURST |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Darrell Jonic Gash (Gash), proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 7, 2024 (doc. 1), an amended complaint on proper forms on April 3, 2024 (doc. 4), and an amended complaint adding a additional claims against a new defendant on August 6, 2024 (doc. 9).  Plaintiff is a pre-trial detainee in the custody of the Louisiana Department of Corrections and is currently incarcerated at the St. Mary Parish Jail in Centerville, Louisiana.  He brings claims against Detective Brentt Gaspard and District Attorney Brady Holtzclaw seeking release from custody pending trial and monetary compensation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

I.    **Background**

Plaintiff's complaint alleges that he was stabbed on May 2, 2020.  Doc. 4, p. 3. He complains that his rights were violated as a result of the poor investigation following the incident, the fact that he was arrested, despite arguing that he was only acting in self-defense. *Id*.  He also alleges that the pocketknife used to stab him was not sent to the crime lab. *Id*.

Further, he complains that District Attorney Brady Holtzclaw has denied his rights to "life liberty or freedom without due process of the law," as a result of the way he is conducting the prosecution against him. Doc. 9. He alleges that Holtzclaw continues to delay his trial. *Id*.

## II.     Law and Analysis

### 1. *Frivolity Review*

Gash has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. *Claims against District Attorney Brady Holtzclaw*

A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to

2

protect public officials from undue interference with their duties and from disabling threats of liability. *Geter v. Fortenberry*, 849 F.2d 1550, 1552 (5th Cir. 1988). Absolute immunity is immunity from suit rather than from liability. *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." *Id*. at 1478. The instant complaint is devoid of any facts that establish plaintiff's claims are for any action other than the defendant's role as a prosecutor. Accordingly, claims against Brady Holtzclaw should be dismissed.

### 3. *Claims against Detective Brentt Gaspard*

A claim under 42 U.S.C. § 1983, to the extent a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, is generally precluded *by Heck v. Humphrey*, 512 U.S. 477 (1994). The prisoner is not allowed to seek Section 1983 relief unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 114 S.Ct. at 2372. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

Plaintiff's criminal charges appears to be pending as of this writing, so *Heck* is not directly applicable; it does not bar an action that would impugn an anticipated future conviction. W*allace v. Kato*, 549 U.S. 384 (2007). But this does not mean the federal court should move forward with such cases filed by pretrial detainees. *Wallace* states that if a plaintiff files a claim, before he has been convicted related to rulings that will likely be made in a pending criminal prosecution, it is

3

within the power of the district court, in accord with common practice, to stay the civil action until the criminal case is ended. If the plaintiff is ultimately convicted, and the civil suit would impugn that conviction, *Heck* will require dismissal. Otherwise, the civil action may proceed absent some other bar to suit. *Wallace*, 127 S.Ct. at 1098.

A stay is appropriate in these circumstances. The best exercise of the court's discretion in these circumstances is to stay this civil case so that the state courts may address the criminal charges first. The Court will issue a stay of the claims against Detective Gaspard set forth in this civil action and order that the clerk of court administratively close this case until further order of the court. This case will remain closed until such time as Plaintiff might file a motion to lift stay after the completion of his criminal proceedings. He will, if he files such a motion, have to show that the litigations of the claims presented in this case would not run afoul of *Heck* or that the *Heck* conditions (charges dismissed or any conviction reversed or set aside) have been met.

### 4. *Habeas Relief*

Plaintiff also prayed for his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action. To the extent that he maintains that his custody is pursuant to the judgment of a state court, he must seek relief in a petition for habeas corpus pursuant to 28 U.S.C. §2254; to the extent that he otherwise claims that his incarceration is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's court system.

Since release from custody is not available in this proceeding, plaintiff fails to state a claim for which relief may be granted and therefore his requests for release from custody should be dismissed for failing to state a claim for which relief may be granted.

### III. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's claims against Brady Holtzclaw be **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FURTHER RECOMMENDED** that plaintiff's request for release from custody be **DENIED** for failing to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that this civil action, claims of civil rights violations against Detective Gaspard, is **STAYED** and the clerk of court should administratively close this case until further order of the court. This case will remain closed until such time as Plaintiff might file a motion to lift stay after the completion of his criminal proceedings. He will, if he files such a motion, have to show that the litigations of the claims presented in this case would not run afoul of Heck or that the Heck conditions (charges dismissed or any conviction reversed or set aside) have been met.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

    **THUS DONE AND SIGNED** in chambers this 29th day of August, 2024.

                                           **Carol B. Whitehurst**
                                       **United States Magistrate Judge**